```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO.  11-60646-CIV-COHN
                          MAGISTRATE JUDGE P. A. WHITE
DAVID BYRNES,                  :

       Petitioner,             :

v.                             :      REPORT OF
                                      MAGISTRATE JUDGE
EDWIN BUSS,                    :

       Respondent.             :
_____
```

David Byrnes filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences entered in Broward County, case no. 87-18216.

The petitioner was sentenced to ten years incarceration in 1989. Research at the Florida Department of Corrections website reveals that the petitioner is presently incarcerated for fifteen years in case no. 97-4316 entered in Duval County, and five years in case no. 03-1532 entered in Pasco County.

Byrnes is no longer "in custody" on the expired ten year sentence in case no. 87-18216, and he cannot bring a federal habeas corpus action solely attacking the expired sentence. See: Means v. Alabama, 209 F.3d 1241 (11 Cir. 2000).

This court is therefore without subject matter jurisdiction to entertain this petition. In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that 28 U.S.C. §2254 may not be used to collaterally attack an expired prior sentence even if it was used to enhance the sentence a petitioner is currently serving, so long as the prior conviction is no longer

open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully.  See also, Daniels v. United States, 121 S.Ct. 1578 (2001).

The only exception to the Lackawanna rule occurs if the conviction was obtained in violation of the defendant's right to counsel, as recognized in Gideon v. Wainwright, 372 U.S. 335 (1965). Byrnes does not state that he entered his pleas without the aid of counsel.

Since the sentence for the convictions at issue in this case has expired and is no longer open to direct or collateral attack, no jurisdiction exists under §2254 to entertain a challenge to those convictions. Lackawanna, supra.

It is therefore recommended that this petition be dismissed.

Objections to this Report may be filed with the District Judge within fourteen days after receipt.

Dated this 6th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  David Byrnes, Pro Se
     DC #053824
     Union CI
     Address of record

2