UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60646-CIV-COHN/WHITE

DAVID BYRNES,

    Petitioner,

v.

EDWIN BUSS,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 7 ("Report"), submitted by United States Magistrate Judge Patrick A. White, regarding David Byrnes's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] ("Petition"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, the Report of Magistrate Judge, Mr. Byrnes's Objections to the Report [DE 8] ("Objections"), and is otherwise fully advised in the premises.

Section 2254 grants a federal court jurisdiction to entertain a habeas corpus petition from a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner is no longer "in custody" once his sentence for the challenged conviction expires. Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). Therefore, there is no subject matter jurisdiction over a § 2254 petition attacking a sentence that has expired or a conviction underlying that sentence. See id.

Mr. Byrnes's Petition attacks his convictions and sentences from Broward County Case No. 87-18216. In that case, Mr. Byrnes was sentenced to ten years incarceration in 1989. That sentence has now expired. Therefore, as Judge White found, there is no federal subject matter jurisdiction to entertain Mr. Byrnes's Petition. Report at 1-2. Though Mr. Byrnes is still in custody, as Judge White noted, the current incarceration term is for sentences in Case No. 97-4316 entered in Duval County and Case No. 03-15312 entered in Pasco County. Accordingly, as Mr. Byrnes is no longer "in custody" with respect to the sentence imposed in Case No. 87-18216, he cannot bring a federal habeas corpus action attacking the conviction or sentence from that case. See Means, 209 F.3d at 1242.

Mr. Byrnes's Objections consist of a list of the following Florida state cases: Ey v. State, 982 So. 2d 618 (Fla. 2008); Montgomery v. State, Case No. 1D07-4688, 2009 WL 350624 (Fla. Dist. Ct. App. Feb. 12, 2009); State v. S.S., 40 So. 3d 6 (Fla. Dist. Ct. App. 2010); Williams v. State, 47 So. 3d 906 (Fla. Dist. Ct. App. 2010); Smith v. State, 537 So. 2d 982 (Fla. 1989); and State v. McBride, 848 So. 2d 287 (Fla. 2003). See Objections. None of these cases changes the above analysis or the analysis contained in Judge White's Report. Mr. Byrnes also writes "fundamental error," id., and "entitled to resentencing manifest of injustice exception," id. Again, these arguments do not change the fact that the Court does not have jurisdiction over this case. Accordingly, in light of the fact that there is no subject matter jurisdiction under § 2254, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 7] is **ADOPTED**;

2. Mr. Byrnes's Objections [DE 8] are **OVERRULED**;

2

3. Mr. Byrnes's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] is **DENIED with prejudice**;

4. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of May, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record

David Byrnes
Union Correctional Institution
7819 NW 228 ST
Raiford, FL 32026